10 CIV. 7987

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

KENITH A'GARD, Plaintiff (Pro-Se),

-against-

JASON SOTO (Shield No.# 6808), in his capacity as a New York City Police officer, and in his capacity individually,

Defendant.
-----------------------------------x

**COMPLAINT** under the Civil Rights Act, 42 U.S.C. §1983

**JURY TRIAL**

Plaintiff Kenith A'Gard for his, pro-se, complaint alleges as follows:

## INTRODUCTION

1. More than Fifteen years ago a unanimous Supreme Court held: In order to recover damages for false arrest and malicious prosecution, or for other harm caused by actions whose unlawfulness would render an arrest, without "probable-cause" invalid, a Section 1983 plaintiff must prove that the arrest where "probable-cause" is absent, has been declared invalid, and/or **DISMISSED** by a state tribunal authorized to make such determination. Such allegations and proof of termination of the prior criminal proceeding be in favor of accussed. Heck V. Humphrey, 512 U.S. 477, 129 L.E.2d 383, 114 S.ct. 2364. See also- Mendoza V. City of Rome, 872 F. Supp. 1110 (N.D.N.Y. 1994); Wu V. City of New York, 934 F. Supp. 581, 588, 591 (S.D.N.Y. 1996) and N.Y. C.P.L. § 140.10(1)(b), C.P.L. § 70.10(2), New York's "reasonable-cause" statutes, have been held to have substantially the same meaning as "probable-cause" under the Fourteenth Amendment.

2010 OCT 18 P 3:01
RECEIVED
CRM PRO SE OFFICE

2. On July 14th, 2009 defendant Soto, without probable-cause, falsely arrested plaintiff at his residence for allegedly assaulting his room-mate (John Cuoco).

3. Defendant Soto on July 14th, 2009, while acting out under color of law, knowingly and intentionally deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to plaintiff as a citizen of the United States, in violation of 42 U.S.C. §1983, and of rights guaranteed by the Fourteenth Amendment of the United States Constitution.

4. Plaintiff was unlawfully incarcerated in the New York City Department of Corrections for several days as a direct consequence of defendant's false arrest of plaintiff, in violation of 42 U.S.C. §1983, and of rights guaranteed by the Fourteenth Amendment of the United States Constitution.

5. As a direct legal consequence of defendant's actions or lack thereof, defendant Soto is not legally entitled to any of the protections of Qualified, Absolute, and/or 11th Amendment immunities in this case.

6. This action seeks to end defendant's willful disregard for the law and outright contempt for plaintiff whose constitutional rights defendant violated.

7. Plaintiff, Kenith A'Gard, brings this action, pro-se, for injunctive and declaratory relief, and for compensatory and punitive damages on his own behalf.

## JURISDICTION AND VENUE

8. This action arises under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §1983.

9. The jurisdiction of this Court is predicated upon §1343(a)(1),(2),&(3) - 28 U.S.C.A.

10. Venue is lodged in this Court pursuant to 28 U.S.C.A. §1391(b).

## JURY DEMAND

11. Plaintiff demands trial by jury in this action.

## FIRST CAUSE OF ACTION
### 42 U.S.C. §1983; Fourteenth Amendment

12. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

13. By implementing, promulgating, and enforcing and/or effectuating a policy, practice and custom pursuant to which the named plaintiff was subjected to on July 14th, 2009, defendant has deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, and of rights guaranteed by the Fourteenth Amendment of the United States Constitution.

14. Defendant acted under pretense and color of state law and in his individual and official capacities within the scope of his employment.

15. Defendant acted beyond the scope of his jurisdiction, without authority of law, and abused his powers.

16. Defendant acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. §1983, and by the Fourteenth Amendment to the United States Constitution.

17. As a direct and proximate result of the misconduct and abuse of authority detailed above, the plaintiff suffered and continues to suffer the damages hereinbefore alleged.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests the following relief:

1. A judgment declaring that defendant has committed the violations of law alleged in this action;

2. An order preliminary and permanently directing defendant Soto to cease from offering <u>any</u> testimony at any upcoming "Criminal Proceedings" with reference to the Bronx County assault charge dismissed in favor of plaintiff, and to refrain from discussing with any County Assistant District Attorney(s) about the same.

3. Compensatory damages against defendant in an amount to be proven at trial;

4. Punitive damages against defendant to be proven at trial;

5. An order awarding disbursements, costs, and attorney fees; and

6. Such other and further relief that may be just and proper.

Dated: <u>October 7th, 2010.</u>

<u>Kenith M. A'Gard.</u>
Kenith M. A'Gard
(Defendant, Pro-Se)

(5)