United States District Court
Southern District Of New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/13

Kevith A'Gard, Plaintiff,

- against -

Jason Soto (Shield No. # 6808),
in his capacity as a New York City
Police Officer, and in his capacity
individually; John Cuoco in his
individual capacity, Defendants.

AMENDED
COMPLAINT
under the
Civil Rights Act,
42 U.S.C. § 1983

10 Civ. 7987 (RPP)

Jury Trial Demanded

Plaintiff, Kevith A'Gard, appearing, pro-se,
alleges as follows:

1. On July 14th 2009 defendant John Cuoco
called 911 requesting "Emergency Medical Assistance"
for chemical burns, from 1691 Nelson Avenue,
Bronx, New York 2nd Floor, where he lived as
plaintiff's room-mate.

2. On July 14th 2009 defendant Jason Soto
responded to the 911 call.

3. On July 14th, 2009 plaintiff and defendant John Cuocco were room-mates living together at: 1691 Nelson Avenue, Bronx New York 2nd Floor.

4. On July 14th, 2009 defendant Cuocco never told defendant Soto or Emergency Service ("EMS") Technicians that plaintiff assaulted him physically or verbally, causing the burns to defendant Cuocco's arms, neck, and face.

5. On July 14th, 2009 defendant Soto arrested plaintiff with no ~~proof~~ that plaintiff committed a crime.

6. Defendant Soto had no reasonable-cause to believe plaintiff assaulted defendant Cuocco,

7. Defendant Soto had no probable-cause to arrest plaintiff.

8. Defendant Cuocco's direct, and/or indirect actions of failing to tell/explain the cause of his injuries caused the arrest of plaintiff for Assault in the Second Degree,

9. The refusal of defendant Soto to investigate, and/or inspect the scene of the crime for proof that a crime occurred was knowing, willful, and intentional abuse of discretion, deliberate indifference, and gross-negligence,

(2)

10. On July 14th 2009 defendant Cuoco was transported, via ambulance, by "EMS" to the hospital (name unknown) for treatment of burns to his neck, arms, and face.

11. Defendant Cuoco refused medical treatment at the hospital, and returned to 1691 Nelson Avenue.

12. Defendant Soto falsified police reports and documents filed with the Bronx County District Attorney's Office, under docket no. # 2009BX046062 for the July 14th 2009 arrest.

13. Defendants Soto arrested plaintiff with the knowledge that plaintiff did not commit a crime, and/or violate any New York Penal Code.

14. Defendant Soto made comments, and/or references directed to plaintiff, and defendant Cuoco, that they were "fagits", and expressed the fact of plaintiff and defendant Cuoco living together disgusted him, also referring to Cuoco as a "freak" due to his appearance.

15. Defendant Soto discriminated against plaintiff based on his perceived sexual-orientation.

16. Plaintiff never acted in any manner to provoke the arrest.

17. The search of plaintiff, and his room at 1691 Nelson Avenue, Bronx, New York 2nd Floor was not justified by probable-cause, and/or reasonable suspicion.

18. Defendant Soto intended to confine plaintiff, plaintiff was conscious of the confinement, plaintiff did not consent to the confinement, and the confinement was not privileged.

19. Defendant Soto acted under pretense and color of state law, and in his individual capacity within the scope of his employment.

20. Defendant Soto acted beyond the scope of his jurisdiction, without authority of law, and abused his powers.

21. Plaintiff was unlawfully imprisoned in the New York City Department of Corrections for several days as a direct consequence of defendant Soto's arrest of plaintiff.

22. Defendant Soto has violated the rights and privileges of plaintiff under the Constitution and laws of the United States, and Acts of Congress providing for

(4)

the protection of plaintiff's civil rights.

23. Plaintiff was arrested in violation of the United States Constitution's 4th Amendment, and in violation of 42 U.S.C. §1983.

24. On July 15th 2009 plaintiff was arraigned at the Bronx County Supreme Courthouse, under Docket No. 2009BX046062 for Assault in the Second Degree, on information and belief.

25. Defendant Cuoco never provided a signed statement accusing plaintiff of assault, and there is no "verified" documentation to demonstrate otherwise.

26. On or about January of 2010 the Bronx County District Attorney's Office dismissed the assault charge based on the facts that defendant Cuoco told investigators plaintiff did not assault him, and upon their learning that Cuoco's injuries were the consequence of his own actions.

27. On July 14th 2009 defendant Cuoco was arrested by members of the N.Y.P.D. at 1691 Nelson Avenue, Bronx, New York 2nd Floor for possessing (on his person) more than $6,000 in twenty dollar bills with red-dye on them as proceed from a crime.

28. On July 14th 2009 defendant <u>Cuoco</u> was arrested by members of the N.Y.P.D., and taken to the 46 Precinct located at: <u>2120 Ryer Avenue, Bronx, New York 10458</u>, where he was interrogated by the <u>Bronx Robbery Division</u>, during which time he told officers plaintiff did not assault him, and that he did not know why plaintiff was arrested.

29. There was no probable-cause for plaintiff's arrest, detention, and prosecution and this was the cause of the assault charge being dismissed.

30. Defendant <u>Soto</u> acted unreasonable and abused his authority as a New York City Police Officer.

31. Defendant <u>Soto</u> was forced into retirement by the N.Y.P.D. for unlawful acts he committed during the course of his employment.

32. Defendant <u>Soto</u> was also disciplined prior to his retirement, by the N.Y.P.D, for unlawful, and/or questionable acts he committed during the course of his employment.

33. Before, on, and after July 14th 2009 defendant <u>Soto</u> was under investigation by "Internal Affairs" for the unlawful arrests of citizens in the County of <u>Bronx</u>, New York.

34. On February 20th 2010 plaintiff provided defendant Cuoco with a "Notarized Affidavit" to supplement a complaint Cuoco filed with the Bronx County Small Claims Court, while plaintiff and defendant Cuoco were detained together at the New York City Department of Corrections at the Otis Bantum Detention Center, located at 1600 Hazen Street, East Elmhurst, N.Y. 11370. (See - Affidavit and N.Y.-P.D. "Release of Property Authorization", attached as an exhibit).

35. Defendant Cuoco sent a letter to plaintiff dated February 14th 2010 concerning the Affidavit and Release of Property Authorization (See - Letter and envelope, attached as Exhibit).

36. Defendant Cuoco currently resides at the KingsBoro Star Shelter under HA # 8514126, located at 681 Clarkson Avenue, Bldg. # 6, Brooklyn, New York 11203, which is a New York City Shelter.

37. The actions of both defendants have injured plaintiff.

38. The actions of both defendants have caused the "Cruel & Unusual Punishment" of plaintiff.

39. Defendant Cuoco has violated the rights and privileges of plaintiff under the Constitution and laws of the United States, and Acts of Congress providing for the protection of plaintiff's civil rights.

(7)

40. Plaintiff has suffered injury due to defendant's culpable, negligent, intentional conduct, resulting from the proximate result of their actions.

41. Defendants violated clearly established Constitutional rights of which a reasonable person would have known, and therefore are not protected by "qualified immunity."

42. Defendant Soto caused the unlawful imprisonment of plaintiff in violation of the 4th, 5th and 14th Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

43. The acts of defendant Soto warrant investigation by the Southern District's U.S. Attorney's Office, and/or the N.Y.P.D.'s "Internal Affairs."

44. Defendant Soto is required to show proof that he is actively involved as a defendant in this case, and counsel's appearance, alone, is not enough to satisfy this.

45. Plaintiff was injured by defendants actions which caused the detention of plaintiff in the New York City Department of Corrections for several days.

46. Plaintiff lost several weeks of rent money for the room at 1691 Nelson Avenue, Bronx, New York 2nd Floor as a direct consequence of July 14th 2009 arrest, and actions of defendants. Plaintiff's rent was $240.00 a week.

47. Plaintiff is entitled to compensation for each day he was detained as a direct consequence of the July 14th, 2009 arrest, including the cost of bail due to defendant's actions.

## Jurisdiction And Venue

48. This action arises under the Fourteenth Amendment, Eighth Amendment, Fifth Amendment, and Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

49. Plaintiff commenced this action within one year of the date Docket No. 2009BX046062 was dismissed.

50. Plaintiff has complied with the provisions of New York General Municipal Law §§ 50 (e)(h) and (i). The New York City Office of The Comptroller's Claims And Adjudications assigned plaintiff claim No. 2010PIO13664, which is proof of compliance.

51. The jurisdiction of this Court is predicated upon § 1343 (a)(1),(2) & (3) - 28 U.S.C.A..

52. Venue is lodged in this Court pursuant to 28 U.S.C.A. § 1391 (b).

(9)

## Jury Demand

53. Plaintiff demands trial by jury in this action.

## Relief Requested

WHEREFORE, plaintiff requests the following relief:

1. A judgment declaring that defendants have committed the violations of law, injuring plaintiff, as alleged in this action;

2. Compensation for the time plaintiff spent detained because of this arrest.

3. An award of damages against defendants for their actions and injuries to plaintiff.

4. Punitive damages awarded against defendant Soto.

5. An award of monetary damages, and/or compensatory damages against defendant Soto in the amount of two hundred and fifty thousand dollars ($250,000.00).

6. An award of monetary damages, and/or compensatory damages against defendant _Cucco_ in the amount of two hundred and fifty thousand dollars ($250,000.00).

7. An award of punitive damages against defendant _Seto_ in the amount of one hundred thousand dollars ($100,000.00).

8. An order awarding disbursements, costs, and attorney fees; AND

9. Such other and further relief that may be deemed just and proper.

Dated: _August 3rd, 2013_.

_Kenith A'Gard_
Kenith M. A'Gard,
(Defendant, Pro-Se)
#10-A-3008
SouthPort Corr. Fac.
P.O. Box 2000
Pine City, N.Y. 14871

Copy Sent To:

Noreen Stackhouse, Esq.
Assistant Corporation Counsel
Special Federal Litigation Division
The City Of New York
Attorney for Defendant Seto
100 Church Street
New York, New York 10007

(11)

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
SMALL CLAIMS PART
══════════════════════════════════════X

JOHN A. CUOCO,

               Plaintiff,

   - against -

MIGUEL VILLANOVA,

               Defendant.
══════════════════════════════════════X

AFFIDAVIT OF
KENITH AGARD

Index No._____

    KENITH AGARD, BEING DULY SWORN, DEPOSES AND SAYS:

    1.  I am familiar with the plaintiff in this action,
John A. Cuoco ("Cuoco"), and the defendant, Miguel Villanova
("Villanova").  I have read the Complaint filed in this
action and hereby attest to the truthfullness and accuracy of
the factual allegations contained therein.  I make this affi-
davit to supplement the Complaint with facts Cuoco was not
aware of.

    2.  That on or about July 21, 2009, I was released from
custody of the NYC Dep't of Corrections on bail.  I returned
to the residence located at 1691 Nelson Avenue, Bronx, New
York.  I had a neighbor living downstairs call Villanova and
inform him that I did not have keys to the apartment and could
not get inside.  Villanova came to the building and brought me
new keys, informing me that he had changed the locks to the
residence.  Before allowing me inside, Villanova told me that
he wanted Cuoco and myself to get our personal belongings
together and vacate the apartment by that Friday, July 24, 2009,

1
( Exhibit - A )

which was three (3) days away. I reminded Villanova that Cuoco and I had already paid one month's rent, so our tenancy didn't expire, arguably, til August 10, 2009. I asked Villanova what the reason was that we were being evicted.

3. Villanova replied that I had lied to him by stating that Cuoco and I were "cousins." He indicated that our next door neighbor heard Cuoco tell the NYPD that we were unrelated, so that we must be "gays." Villanova reminded me that when we discussed the terms of the oral lease he clearly indicated that he would not allow "gays" to move into his building because of fear for his child's safety. He also stated that our neighbor complained that we were not "normal" because of our (perceived) sexual orientation and that the neighbor threatened to move out if we were allowed to return. Lastly, Villanova stated that Cuoco and I were a "problem" and "trouble" so he wanted us out of the building.

4. Villanova stated that he would return on Friday, the 24th and he would consider refunding some of the rent money up until the 10th of August, 2009. I did not agree to the plan as I had no opportunity to talk to Cuoco, and because it would have been a great inconvenience and hardship if we had to move after having just moved in. I asked Villanova if he could give Cuoco and I thirty (30) days advance notice before evicting us. Villanova refused and repeated that he wanted us out by that Friday "or he would call the police."

5. Consequently, I was arrested by the NYPD warrant squad

2

two days later, Thursday, July 23, 2009.  Therefore, I
had no opportunity to see what would have happened if I had
tried to stay in the apartment.  I am presently held on
Riker's Island as a pre-trial detainee.


KENITH AGARD
B&C# 141-09-11646 (5-North)
OBCC
1600 Hazen Street
East Elmhurst, New York 11370


Subscribed and Sworn to before me
this 20 day of FEBRUARY , 2010.

NOTARY PUBLIC
FRED MILANO
NOTARY PUBLIC, State of New York
Reg. No.: 01MI6008046
Qualified in Nassau County
Commission Expires June 1, 20 10

3

NEW YORK CITY POLICE DEPARTMENT

RELEASE OF PROPERTY AUTHORIZATION

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF BRONX    )

    I, ___KENITH AGARD_____, being duly sworn, depose
and say:

    1.  That I am presently incarcerated in the New York
City Correctional Facility known as Otis Bantum Correctional
Center, located at 1600 Hazen Street, East Elmhurst, N.Y. 11370.

    2.  That on the _14th_ day of __JULY_____, 2009, I
was arrested in the County of Bronx, and personal property
was taken from my person and is now in the custody of the New
York City Police Department, _46th_ Precinct, located at
_2120 RYER AVENUE, BRONX, NEW YORK 10458 (Detective AHEARN)_ .

    3.  That such property consists of, and among other
things is as follows:

        (a) __1 Blackberry® Curve cellphone____
        (b) __1 Nikon® digital camera_____
        (c) __Any and all tangible property____

    4.  That the underlying criminal case for which the
aforementioned property was seized has been dismissed or other
disposition reached, or that said property is deemed immaterial
and or irrelevant to the People's case in chief.

    5.  That I hereby authorize the New York City Police Dept.
to release said property held in its possession to ___JOHN A.___
_CUOCO_____, who resides at __681 Clarkson Ave, Brooklyn, N.Y.

Subscribed and Sworn to before me
this _20_ day of _FEBRUARY_, 2010.

_____
NOTARY PUBLIC

FRED MILANO
NOTARY PUBLIC, State of New York
Reg. No.: 01MI6008046
Qualified in Nassau County
Commission Expires June 1, 20__

_____
KENITH AGARD

_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_
Social Security No.



J Cuoco
681 Clarkson Ave
Brooklyn NY 11203

(Exhibit - B1)

Kenith Agard
B.C.# 141-89-11646 (SN)
OBCC
1600 Hazen Street
E Elmhurst NY 11370

2-14-10

Ken-

I dont write letters often so bear with me. Ive enclosed an affidavit you need to sign based upon what you told me in the law library that transpired w/ the landlord for when I take him to court. If its accurate, sign it. If there are slight discrepanci cross them out or write them in between the lines. Then initial them.

Next, Ive enclosed a property release for the NYPD to turn over all items they took from you during our arrests. thats not needed as evidence in your cases

Both of these need to be notarized by one of the civilians in the law librai and sent back ^to me in the SASE. Unless you want to donate it to the City.

You asked me to help you eventhoug what you did to me, then trying to implicate me in your madness, and mocking me when we were in court

together. So I'm not exactly in a rush to help. However, on the other hand, I've experienced the complete powerlessness from being locked up. And there were many simple things that could have been done (a phonecall, visit, court clothes etc) but people are "busy" living their own lives and had no incentive.

Basically, I can help but you're gonna have to be honest (or pretend) and no games. The first time and you're alone with your legal aid. So good luck.

Send those papers back to me. And write me a letter telling me what the status is on everything

Best Regards

HA" is 8514126
Bldg 6        (Exhibit B2)



**THE CITY OF NEW YORK**
**OFFICE OF THE COMPTROLLER**
**CLAIMS AND ADJUDICATIONS**
**1 CENTRE STREET  ROOM 1200**
**NEW YORK, N.Y.  10007-2341**

WWW.COMPTROLLER.NYC.GOV

Michael Aaronson
Chief, Bureau of Law and
Adjustment

015 - 151

**John C. Liu**
**COMPTROLLER**

Date:        05/11/2010
Claim No:  2010PI013664
RE:          Acknowledgment of Claim

KENITH M AGARD 141-09-11646
1600 HAZEN ST
ELMHURST, NY 11370

Dear Claimant:

    We acknowledge receipt of your claim, which has been assigned the claim number shown above. Please refer to this claim number in any correspondence or inquiry you may have with our office.

    We will do our best to investigate and, if possible, settle your claim. However, if we are unable to resolve your claim, **any lawsuit against the City must be started within one year and ninety days from the date of the occurrence**.

    If you have any questions regarding your claim, you may contact us at either 212-669-8750 for property damage claims or 212-669-4445 for claims involving personal injury.

                                    Sincerely,
                                    Michael Aaronson

Claim Against
P.O., Jason Soto
Shield No # 6808

(Exhibit c)